HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARINA RODRIGUEZ,

    Plaintiff,

v.

NANCY A. SMITH & ASSOCIATES,

    Defendant.

CASE NO. No. 3:12-cv-5252-RBL

ORDER GRANTING REASONABLE ATTORNEYS' FEES AND COSTS

[Dkt. #8]

THIS MATTER is before the Court on Plaintiff's Petition for Attorneys' Fees and Costs [Dkt. #8]. Marina Rodriguez sued Nancy A. Smith & Associates under the Fair Debt Collection Practices Act (FDCPA). Plaintiff accepted an offer of judgment of $1,001.00 plus costs and reasonable attorneys' fees as set by the Court. The parties dispute the amount of reasonable fees.

## I. BACKGROUND

Plaintiff seeks $4,319.50 in attorneys' fees plus $425.00 in costs. She says the case would have resolved if Defendant would have participated in settlement negotiations before she filed her complaint. Defendant argues that Plaintiff's fee request is unreasonable because she made excessive demands and refused to disclose the number of hours in the case and the hourly rate—information necessary for Defendant to gauge the reasonableness of the fee request. Defendant does not dispute the $425.00 in costs.

Prior to filing the complaint, Plaintiff made three attempts to settle the case, with offers increasing from $4,250.00 to $4,500.00. Pl.'s Fee Pet., Dkt. #8 at 2. Defendant did not respond. *Id*. After filing the complaint, Plaintiff again offered to settle, this time for $4,750.00. *Id*. The next day, Defendant requested Plaintiff's counsel's hourly rates and the number of hours spent on the case. *Id*. Plaintiff's counsel did not provide that information. *Id*. at 3. A week later, Defendant made an offer of judgment for $1,001.00 plus costs and reasonable attorneys' fees as set by the Court. *Id.*

Plaintiff informed Defendant that she intended to accept the $1,001.00 offer and demanded $3,000.00 in fees and costs. *Id*. Defendant again requested counsels' rates and hours, but was not given that information. *Id*. Defendant then offered to pay $1,500.00 in fees and costs, conditioned on the disclosure of Plaintiff's counsels' rates and hours. Def.'s Resp., Dkt. #10 at 3. Plaintiff's counsel again would not provide that information. *Id*. Defendant told Plaintiff it calculated its offer by estimating five to ten hours of work at rates between $170 and $250 per hour. Def.'s Resp., Dkt #11, Exh. E-1 at 2. Plaintiff did not challenge Defendant's estimates or make a counter offer. *Id*. Instead, she accepted the offer of judgment and filed her fee petition with the Court. Pl.'s Fee Pet., Dkt. #8 at 3.

Saying that the parties did not communicate well during the negotiation of this case is an understatement, and the Court finds no reason why either party should benefit from that failure.

## II.   DISCUSSION

The FDCPA contains a mandatory fee-shifting provision that awards a plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the court" against a debt collector. 15 U.S.C. § 1692k(a)(3). "The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008), quoting *Tolentino v. Friedman,* 46

F.3d 645, 651 (7th Cir. 1995).  FDCPA plaintiffs "seek to vindicate important ... rights that cannot be valued solely in monetary terms ... and congress has determined that the public as a whole has an interest in the vindication of statutory rights."  *Tolentino,* 46 F.3d at 652, quoting *City of Riverside v. Rivera,* 477 U.S. 561, 571 (1986).

The parties agree that Plaintiff is a prevailing party.  The only issue before the Court is the amount of reasonable attorneys' fees and costs to be award to Plaintiff.

**A. Reasonable Fees**

In FDCPA cases, "[d]istrict courts must calculate awards for attorneys' fees using the 'lodestar' method."  *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996).

After determining the lodestar figure, the Court then determines whether to adjust the lodestar figure up or down based on any *Kerr* factors that have not been subsumed in the lodestar calculation.[1]

*1. Reasonable Hourly Rate*

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community."  *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003).  The rates of comparable attorneys in the forum district are usually used.  *See Gates v. Deukmejian*, 987

---

[1] The twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).  These considerations are consistent with Washington Rule of Professional Conduct 1.5.

F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The Court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff proposes rates of $175 to $335 per hour for attorneys, $135 for law clerks and paralegals, and $100 for legal assistants. Pl.'s Fee Pet., Dkt. #8, Exh. M at 2. To support these rates, Plaintiff submitted affidavits from four of her attorneys and law clerks (Exh. O, T, and U), a 2010-2011 Consumer Law Attorney Fee Survey (Exh. P), the U.S. Attorney's "Laffey Matrix" (Exh. Q), and a declaration from another consumer law attorney (Exh. R).

None of these documents are persuasive. Defendant correctly points out that Plaintiff's counsels' declarations do not address the relevant community—the Western District of Washington. The consumer law attorney's declaration states that he is an active attorney in Illinois and California, but not in Washington, and he does not even offer an opinion as to the prevailing fee in this district. Friedman Decl., Dkt. 8, Exh. R at 1.

The *Laffey* matrix is equally unhelpful, as it "is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington, D.C." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454 (9th Cir. 2010). According to the Ninth Circuit, "just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away." *Id.*

Plaintiff also relies on the 2010-2011 Consumer Law Attorney Fee Survey, which shows that the average billing rate for consumer law firms in the Pacific Region (Alaska, Hawaii, Oregon, and Washington) with more than five attorneys is $356 per hour. However, the figure Plaintiff cites does not account for the experience, ability, or reputation of the individual

attorney.[2] The Survey does provide rates based on years of experience. The average rate for Pacific Region attorneys with less than 1 year of experience in consumer law is $162; 1-3 years is not provided; 3-5 years is $212; 6-10 years is $244; and 11-15 years is $257. Fee Survey, Dkt. #8, Exh. P at 25. However, it does not break those rates down by individual state. Therefore, the Survey provides some guidance, but it is not conclusive.

Mr. Meyers, a founding partner of Plaintiff's firm, requests a rate of $335. Because he does not indicate how long he has practiced law, the Court will assume his experience is similar to Mr. Weisberg, another founding partner, who has practiced since 2000. Defendant points out that Meyers requested a $265 rate in a 2010 District of Oregon case. *Daley v. A & S Collection Assoc., Inc.*, No. CV-09-946-ST, at *5 (D. Or. Dec. 10, 2010). He does not indicate why his rate jumped from $265 in 2010 to $335 in 2012.

Mr. Kurz also requests a $335 rate. He graduated from law school in 2001. In the *Daley* case, Kurz requested, and was granted, a $175 rate. *Id*. Kurz fails to explain this significant increase from $175 to $335. Oregon rates are similar enough to rates in this district to provide some guidance here.

Mr. Lamb requests a $175 rate. During his work on the case, he had less than one year of experience at the firm. The requested rate for law clerks and paralegals is $135 and the requested rate for legal assistants is $100.

---

[2] Indeed, the survey itself cautions that:
"An hourly rate is commonly impacted by several factors, including years of practice, firm size, practice location, degree of practice concentration, reputation, advertising, personal client relationships, and other factors. As a result, the information presented here is for informational purposes only and may or may not be indicative of a particular attorney's reasonable hourly rate without further, more detailed analysis of the available and other data."
Fee Survey, Dkt. #8, Exh. P at 7-8. (Because the Survey version in ECF is largely unreadable, page numbers are taken from an online version, available at http://www.lb7.uscourts.gov/documents/ILSD/11-53.pdf).

By analyzing the figures discussed above, the Court adopts the following rates for Plaintiff's attorneys: Mr. Meyers at $265, Mr. Kurz at $225, and Mr. Lamb at $160. The Survey indicates that the average rate for paralegals is $100. Fee Survey, Dkt. #8, Exh. P at 52. The Court sets a $100 rate for paralegals and law clerks and an $80 rate for legal assistants.

### *2. Reasonable Number of Hours*

After determining the reasonable hourly rate, the Court must determine the number of hours reasonably expended on the litigation. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). In determining the reasonable number of hours, the Court may exclude those hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

Defendant argues that Plaintiff should only be awarded the 10.2 hours it spent on the merits, and not the 14.2 hours spent preparing its fee petition because it was unreasonable for Plaintiff to refuse to provide any billing records. Although Plaintiff was successful, had her counsel been more reasonable in pursuing settlement, the cost of this litigation would have been substantially reduced. At best, Plaintiff could recover a statutory penalty of $1,000.00, actual damages, and attorneys' fees and costs. Now she seeks attorneys' fees that are more than four times the amount of damages she recovered. The Court recognizes that applying a rule of proportionality "would make it difficult, if not impossible, for individuals with meritorious [FDCPA] claims but relatively small potential damages to obtain redress from the courts." *City of Riverside v. Rivera,* 477 U.S. 561, 578 (1992) (affirming fee award nearly seven times the amount of damages). However, the fee must still be reasonable in light of the record as a whole.

1       Plaintiff's counsel's failure to engage in a good faith settlement of the fee amount appears

2 to be motivated by the prospect of billing more hours on a claim with very small potential

3 damages. This cannot be condoned by the Court. Plaintiff's counsel may not be required to

4 provide Defense counsel with its detailed billing records, but there is no reason that they could

5 not at least respond to Defendant's hour and rate estimates (especially when they knew these

6 records would later be submitted in their fee petition). Of course Plaintiff's counsel is not

7 entirely to blame, since Defendant failed to respond to settlement offers prior to the filing of the

8 complaint. Therefore, the Court will not exclude all of Plaintiff's hours spent the fee request.

9 Still, based on the results obtained and the clear unwillingness to communicate, a sizeable

10 portion must be excluded as unreasonable and unnecessary. Accordingly, the total attorney fee

11 award is reduced by 25%.

12       The lodestar amount for the work performed by Plaintiff's counsel is $2,434.12,

13 calculated by multiplying each employee's reasonable rate by his number of hours:

| Employee | Position | Requested Rate | Reasonable Rate | Hours | Total |
|---|---|---|---|---|---|
| Marshall Meyers | Attorney | $335 | $265 | 1 | $265.00 |
| Dennis Kurz | Attorney | $335 | $225 | 3.7 | $832.50 |
| Robert John Lamb | Attorney | $175 | $160 | 3.5 | $560.00 |
| Brad Buhrow | Law Clerk | $135 | $100 | 1 | $100.00 |
| Eric Awerbuch | Law Clerk | $135 | $100 | 11.4 | $1,140.00 |
| Tremain Davis | Paralegal | $135 | $100 | .6 | $60.00 |
| Cathy Bopp | Paralegal | $135 | $100 | .5 | $50.00 |
| Sonya Rodriguez | Paralegal | $135 | $100 | 1.1 | $110.00 |
| Lydia Bultemeyer | Legal Asst. | $100 | $80 | 1.5 | $120.00 |
| Gloria Ramirez | Legal Asst. | $100 | $80 | .1 | $8.00 |
| | | | Subtotal | | $3,245.50 |
| | | | 25% reduction | | - $811.38 |
| | | | **TOTAL** | | **$2,434.12** |

### *3. No Further Adjustment is Necessary*

There is a strong presumption that the lodestar amount represents an adequate fee award. *Hensley v. Eckhart*, 461 U.S. 424, 533 (1983). Having determined a reasonable hourly rate and the hours reasonably expended, the Court next considers whether the *Kerr* factors suggest a further enhancement or reduction. The parties did not discuss these factors, and the Court finds that further adjustment beyond the 25% reduction is unnecessary.

**B. Reasonable Costs**

Expenses which may be taxed as costs against the losing party are enumerated in 28 U.S.C. § 1920 and include the docket fees and service of process fees. Although the Court has broad discretion to allow or disallow a party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).

Plaintiff requests $350.00 for the filing fee and $75.00 for the service fee. These costs are undisputed by Defendant. Both of these costs are clearly recoverable, and they are granted. In total, Plaintiff is awarded $425.00 in costs.

### III.   CONCLUSION

Plaintiff is AWARDED $2,434.12 in fees and $425.00 in costs, for a total award of $2,859.12. The clerk shall prepare a judgment in this amount.

IT IS SO ORDERED.

Dated this 22nd day of October, 2012.

Ronald B. Leighton  
United States District Judge